UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS,<br><br>    Plaintiff,<br><br>vs.<br><br>JONATHAN AKANNO, *et al*,<br><br>    Defendants. | Case No. 1:10-cv-00553-RRB<br><br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Christopher Simmons is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Simmons filed this action in the Kern County Superior Court on August 25, 2009, and the California Department of Corrections and Rehabilitation ("CDCR") removed it to this Court.[1] Currently pending before the Court is the First Amended Complaint, filed March 5, 2012.[2]

I.  **SCREENING REQUIREMENTS**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] This Court must dismiss a

---

[1]    Docket 1.

[2]    Docket 13.

[3]    28 U.S.C. § 1915A(a).

complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[4]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[7]

---

[4]   28 U.S.C. § 1915(e)(2)(B).

[5]   Fed. R. Civ. P. 8(a)(2).

[6]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[7]   *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.[8] This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II. ALLEGATIONS

Simmons is wheelchair bound and incarcerated at the California Medical Facility ("CMF"). The incidents detailed in the Amended Complaint occurred while Simmons was being housed at Kern Valley State Prison ("KVSP",). Simmons brings suit against Defendants

---

[8]   *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation).

[9]   *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10]   *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

[11]   *Id.*

[12]   *Id.* (quoting *Twombly*, 550 U.S. at 555).

CDCR; KVSP; Anthony Hedgpeth, Warden; Associate Warden Robert Keldgord, Associate Warden; Chief Medical Officer Doe, Jonathan Akanno, M.D. (Primary Care Physician); Sharon Zamora, Heath Care Manager; Capt. P. Sanchez; Lt. M. Cabrera; Sgt. Steelman; Sgt. Sandoval; J. Key, R.N.; Mohammad Ali, Supervising RN; L. Sauceda, LVN, T. Ellstrom, LVN; Shagoon, LVN; Green Moorehead, LVN; M. Koonce, LVN; Correctional Officers I. Jaime; D. Campas; J. Covarrubias; J. Hernandez ("J. Hernandez 1"); J. Hernandez ("J. Hernandez 2"); D. Sedkezsky; B. Gricewich; Pfieffer; Sanchez; Thompson; Nunez; and fifty additional Does. Simmons brings a multitude of claims, including interference with access to the courts, retaliation for exercising his free speech rights under the First Amendment, inadequate medical care in violation of the Eighth Amendment, violation of his due process and equal protection rights under the Fourteenth Amendment, violation of the Americans With Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and tortious conduct under the California Civil Code.

    Simmons' Amended Complaint alleges multiple incidents that occur during the period between July 2007 and March 2009, and appear to be both related and unrelated. This Court will not summarize all of the allegations in the first amended complaint since it entails a variety of apparently unrelated claims that do not present a cohesive basis for analysis.

**III. PRIOR ACTIONS**

Initially, this Court notes that in addition to this action, Simmons has filed at least two other actions in this Court alleging violations of his rights while incarcerated at KVSP: *Simmons v. Hedgpeth*, 1:07-cv-01058-LJO-SAB ("*Simmons I*"), filed July 15, 2007; and *Simmons v. Akanno*, 1:09-cv-00659-GBC ("*Simmons II*"), filed June 17, 2009.[13]

*Simmons I* was initially brought as a petition for habeas relief. The district court dismissed it and on appeal the Ninth Circuit reversed and directed that it be treated as civil rights action under § 1983. After reversal by the Ninth Circuit, but prior to the issuance of the mandate, Simmons filed a motion in *Simmons I* to consolidate it with *Simmons II* and this case.[14] That motion was denied.[15] On February 17, 2012, after Simmons was transferred from KVSP,[16] Simmons filed an Amended Complaint in which he sought relief under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. In that Amended Complaint

---

[13]  This Court takes judicial notice of the files in those two cases.  Fed. R. Evid. 201.

[14]  *Simmons I*, Docket 20,

[15]  *Id.*, Docket 25.

[16]  According to his First Amended Complaint in *Simmons II*, Simmons was transferred from KVSP to Pleasant Valley State Prison on April 8, 2009.

ORDER TO SHOW CAUSE
*Simmons v. Akanno*, 1:10-cv-00553-RRB - 5

Simmons includes some of the same defendants sued in this action, as well as others who are not included in the this action. Its allegations span the time period October 2005 through February 2008, inclusive. That action remains pending.

After his First and Second Amended Complaints in *Simmons II* were dismissed with leave to amend during screening, Simmons filed his Third Amended Complaint, which is virtually a carbon copy of the Amended Complaint in this case.[17] Prior to screening the Third Amended Complaint, after determining that Simmons had filed three or more actions or appeals that had been dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted,[18] the Court revoked Simmons *in forma pauperis* status, and ultimately dismissed the case for failure to pay the required filing fee.[19] The Ninth Circuit in turn dismissed Simmons' appeal for failing to pay the required filing fee.[20]

Because this case was removed from the California Superior Court by CDCR and the filing fee was paid by CDCR, Simmons is not proceeding *in forma pauperis* in this case.

//

//

---

[17]   *Simmons II*, Docket 28.

[18]   28 U.S.C. § 1915(g).

[19]   *Simmons II*, Dockets 32, 38.

[20]   *Simmons II*, Docket 46.

**IV. DISCUSSION**

The present posture of this case and *Simmons I* requires this Court to determine whether this case is duplicative of *Simmons I* and, therefore, should be dismissed. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.'"[21] In such case, "[a]fter weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay the action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."[22]

> To determine whether a suit is duplicative, we borrow from the test for claim preclusion. As the Supreme Court stated in *The Haytian Republic,* "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124, 14 S. Ct. 992, 38 L. Ed. 930 (1894); *see also Hartsel Springs Ranch,* 296 F.3d at 987 n. 1 ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion."); *Curtis,* 226 F.3d at 139-40 ("[T]he normal claim preclusion analysis applies and the court must assess whether the second suit raises issues that should have been brought in the first."); *Davis v. Sun Oil Co.,* 148 F.3d 606, 613 (6th Cir.1998) (per curiam) (referring

---

[21]   *Adams v. California Dept. of Health Svcs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (7th Cir. 1977) (en banc)).

[22]   Id. (citations omitted).

to the doctrine against claim-splitting as "the 'other action pending' facet of the *res judicata* doctrine").

Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. *See The Haytian Republic,* 154 U.S. at 124, 14 S. Ct. 992 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (internal quotation marks omitted)); *Curtis,* 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "*Curtis II* claims arising out of the same events as those alleged in *Curtis I*," which claims "would have been heard if plaintiffs had timely raised them"); *Serlin,* 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).[23]

The Ninth Circuit then laid down the following "same causes of action" test:

> We examine first whether the causes of action in Adams's two suits are identical. To ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992) (citing Restatement (Second) of Judgments § 24(1) (1982)). In applying the transaction test, we examine four criteria:
>
>> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve

---

[23]     *Id.* at 688–89.

>     infringement of the same right; and (4) whether the
>     two suits arise out of the same transactional
>     nucleus of facts.

*Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir.1982). "The last of these criteria is the most important." *Id.* at 1202.[24]

The claims in *Simmons I* and this case overlap, some being identical in that they allege the same operative facts. The claims raised by Simmons in both lawsuits arise out of the same series of transactions, involve essentially the same parties, infringement of the same right. The most significant difference is that the claims in this action include acts that occurred after the acts alleged in *Simmons I*, i.e., between February 2008 and March 2009. More importantly, however, it does not appear that Simmons could not have included these claims in *Simmons I*, either in his Amended Complaint or in a Supplemental Complaint.[25]

## V.   CONCLUSION/ORDER

Because it appears that there is no reason that Simmons could not bring the claims raised in this action in *Simmons I*, this action is duplicative of *Simmons I*.

---

[24]   *Id.* at 689.

[25]   This Court is not unmindful of the fact that Simmons unsuccessfully sought to consolidate this action with *Simmons I*. That effort preceded filing of the Amended Complaint in *Simmons I*; therefore, the factual basis underlying Simmons' consolidation motion, i.e., the comparison of the action pending in *Simmons I* and this action, differed materially from the present factual basis.

**IT IS THEREFORE ORDERED** that unless Plaintiff shows good cause for continuing this action, on or before **May 10, 2013,** the Court will dismiss it as duplicative, without prejudice.

**IT IS SO ORDERED** this 9th day of April, 2013.

                                        S/RALPH R. BEISTLINE
                                        UNITED STATES DISTRICT JUDGE