UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS,<br><br>  Plaintiff,<br><br>vs.<br><br>JONATHAN AKANNO, *et al*,<br><br>  Defendants. | Case No. 1:10-cv-00553-RRB<br><br>**ORDER DISMISSING COMPLAINT**<br>**WITH LEAVE TO AMEND** |

Plaintiff Christopher Simmons, a state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 in the Kern County Superior Court on August 25, 2009. The California Department of Corrections and Rehabilitation ("CDCR") removed it to this Court.[1] Currently pending before the Court is the first amended complaint, filed March 5, 2012.[2]

I.   PRIOR PROCEEDINGS

On April 9, 2013, this Court entered its Order to Show Cause why this case should not be dismissed as duplicative of *Simmons v. Hedgpeth*, 1:07-cv-01058-LJO-SAB, filed July 17, 2007 ("*Simmons I*").[3] In that Order this Court noted that there did not appear to be

---

  1  Docket 1.

  2  Docket 13. Upon removal, CDCR paid the necessary filing fee; consequently Simmons is not appearing in this case *in forma pauperis*.

  3  Docket 15. This Court took judicial notice of the proceedings in *Simmons I*. Fed. R. Evid. 201.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND
*Simmons v. Akanno*, 1:10-cv-00553-RRB - 1

any reason why Simmons could not bring the claims raised in this action in *Simmons I*. At Docket 18 Simmons responded to that Order.

## II.     ALLEGATIONS

Simmons is wheelchair-bound and incarcerated at the California Medical Facility ("CMF"). The incidents detailed in the Amended Complaint occurred while Simmons was housed at KVSP during the period between July 2007 and March 2009. Simmons brings suit against Defendants CDCR; KVSP; Anthony Hedgpeth, Warden; Associate Warden Robert Keldgord, Associate Warden; Chief Medical Officer Doe, Jonathan Akanno, M.D. (Primary Care Physician); Sharon Zamora, Heath Care Manager; Capt. P. Sanchez; Lt. M. Cabrera; Sgt. Steelman; Sgt. Sandoval; J. Key, R.N.; Mohammad Ali, Supervising RN; L. Sauceda, LVN, T. Ellstrom, LVN; Shagoon, LVN; Green Moorehead, LVN; M. Koonce, LVN; Correctional Officers I. Jaime; D. Campas; J. Covarrubias; J. Hernandez ("J. Hernandez 1"); J. Hernandez ("J. Hernandez 2"); D. Sedkezsky; B. Gricewich; Pfieffer; Sanchez; Thompson; Nunez; and fifty additional Does. Simmons brings a multitude of claims, including interference with access to the courts, retaliation for exercising his free speech rights under the First Amendment, inadequate medical care in violation of the Eighth Amendment, violation of his due process and equal protection rights under the Fourteenth Amendment, violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12203, 12132 ("ADA"), violation of § 504 of the Rehabilitation Act (29 U.S.C. § 794), tortious conduct under State law (Cal. Civil Code §§ 52, 51.7, 52, and 3345 (intentional tort) and 43, 1709, 3333, and Government Code §§ 815.6 and 830 (negligence)).

**III.   *SIMMONS I***

*Simmons I* was initiated as a petition for habeas relief. The district court dismissed it; on appeal the Ninth Circuit reversed and directed that it be treated as civil rights action under § 1983. On February 17, 2012, after Simmons was transferred from Kern Valley State Prison ("KVSP"), Simmons filed an Amended Complaint in which he sought relief under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. In that Amended Complaint, sought relief against numerous defendants for acts that occurred through August 2008. On July 11, 2013, the Magistrate Judge, after adoption of his Findings and Recommendations by the District Judge, directed service on defendants R. Grissom, P. Keiley, A. St Lucia, T. Ellstrom, M. Rients, L. Sauceda, Jonathan Akanno, and Rufino. Simmons' claims against Anthony Hedgpeth, Nate Dill, Jr. and Rubles were dismissed for failure to state a claim.[4]

**IV.   DISCUSSION**

In his response to the Order to show cause Simmons argues that he should be permitted to amend his complaint to allege his state-law, ADA, and retaliation claims for the period between August 2008 and April 2009. The Court is persuaded by Simmons' arguments.

In amending his complaint, Simmons should bear in mind certain basic principles.

---

  4     *Simmons I*, 1:07-cv-01058 at Dkt 54.

1. The State, State agencies, or State officials acting in their official capacity cannot be sued for damages under § 1983.[5]

2. Section 1983 suits do not support vicarious liability; a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[6]

3. To support a claim under the ADA or the Rehabilitation Act, Plaintiff must establish that the "injury" was *on account of his disability*, not simply that he was disabled.[7] The Amended Complaint does not meet that requirement.

4. To establish a First Amendment retaliation claim, Simmons must plead and prove five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

---

[5] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see Ceballos v. Garcetti*, 361 F.3d 1168, 1183 n.11 (9th Cir. 1997).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[7] *See Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1022 (9th Cir.2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Walton v. U.S. Marshals Serv.,* 492 F.3d 998, 1005 (9th Cir.2007) (to state a claim under the Rehabilitation Act, a plaintiff must allege discrimination because of disability).

chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal"[8]

5.  As explained in detail in the prior Order, this action is limited to those matters that were not and could not have been raised in *Simmons I*.

## V. ORDER

**IT IS THEREFORE ORDERED** that the First Amended Complaint is hereby **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 3, 2013**, within which to file his Second Amended Complaint consistent with Part IV above.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an Amended Complaint by **September 3, 2013,** or such other time as the Court my allow, this matter may be dismissed without further notice to Plaintiff.

**IT IS SO ORDERED** this 18th day of July, 2013

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[8] *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).