UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS,<br><br>            Plaintiff,<br><br>    vs.<br><br>JONATHAN AKANNO, et al.,<br><br>            Defendants. | 1:10-cv-00553-AWI-GSA-PC<br><br>ORDER DENYING SUBSTITUTION OF ATTORNEYS |

**I.      BACKGROUND**

This is a civil action filed by Christopher Simmons ("Plaintiff"), a state prisoner proceeding pro se.  This action was initiated by civil complaint filed by Plaintiff in the Kern County Superior Court on December 17, 2009 (Case #S-1500-CV-269232, DRL).  On March 29, 2010, defendant California Department of Corrections and Rehabilitation (CDCR) ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a).  (Doc. 1.)  On March 8, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 13.)  On July 18, 2013, the court dismissed the First Amended Complaint, with leave to amend.  (Doc. 19.)

On September 3, 2013, Attorney Scottlynn J. Hubbard IV, Esq. of the Disabled Advocacy Group, filed a motion for extension of time to file the Second Amended Complaint,

on Plaintiff's behalf. (Doc. 20.) The extension of time was granted, and on October 3, 2013, Attorney Hubbard filed the Second Amended Complaint on Plaintiff's behalf. (Docs. 21, 22.)

## II.  SUBSTITUTION OF ATTORNEYS

Plaintiff has not indicated whether he intends to substitute Attorney Scottlynn J. Hubbard IV to represent him in this action. However, should this be the case, Plaintiff may not substitute an attorney in this manner. Plaintiff is presently proceeding in propria persona.[1] For Plaintiff to substitute an attorney in place of himself as attorney of record, Plaintiff must submit a substitution of attorneys document to the Court, setting forth the full name and address of the new attorney, and signed by Plaintiff (as the withdrawing attorney and client) and the new attorney. Local Rule 182(g). "All substitutions of attorneys shall require the approval of the Court, and the words **'IT IS SO ORDERED'** with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys." Id.

In the event that Plaintiff intends to retain his in propria persona status and continue representing himself, his address of record shall reflect his address of residence. There is no Federal Rule of Civil Procedure or Local Rule allowing service of Court and other legal documentation at an address other than a pro se litigant's actual address. Local Rule 131, Local Rule 182(f), and Local Rule 183(b) require pro se litigants to inform the Court of their addresses and to keep the Court informed of any change in their addresses.

## III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The substitution of Attorney Scottlynn J. Hubbard IV in place of Plaintiff, as Plaintiff's attorney of record, is DENIED; and

2. The Clerk of Court is DIRECTED to:

    (1) Reflect Plaintiff's status as a pro per litigant on the court's docket;

///

---

[1] A litigant proceeding in propria persona, or pro se, is one who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary, 1256, 1258 (8th ed. 2004).

   (2) Change Plaintiff's address of record to:

>Christopher Simmons
>P-25328
>California Medical Facility
>P.O. Box 2000
>Vacaville, California  95696

 and

   (3) Serve a copy of this order on:

>Scottlynn J. Hubbard IV, Esq.
>Disabled Advocacy Group, APLCS
>12 Williamsburg Lane
>Chico, CA  95926

IT IS SO ORDERED.

Dated:  **May 7, 2014**    **/s/ Gary S. Austin**
              UNITED STATES MAGISTRATE JUDGE