UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS, | 1:10-cv-00553-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST FOR SCREENING AND REQUEST TO VACATE SUMMONSES |
| vs. | (Doc. 36.) |
| CDCR, et al., | |
| Defendants. | |

## I.    BACKGROUND

Christopher Simmons ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to Title V of the Americans with Disabilities Act of 1990 (ADA), California's Disabled Person Act (CDPA), and the Unruh Civil Rights Act (Unruh Act). This action was initiated by civil complaint filed by Plaintiff, proceeding pro se, in the Kern County Superior Court on December 17, 2009 (Case #S-1500-CV-269232, DRL). On March 29, 2010, defendant California Department of Corrections and Rehabilitation (CDCR) ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a).[1]  (Doc. 1.)

---

[1] To date, no other defendant has made an appearance in this case.

1

On March 8, 2012, Plaintiff filed the First Amended Complaint. (Doc. 13.) The court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on July 18, 2013, dismissing the First Amended Complaint, with leave to amend. (Doc. 19.)

On June 30, 2014, the court approved Plaintiff's request to substitute attorney Christopher Simmons as his attorney of record. (Doc. 32.) On October 3, 2013, Plaintiff, proceeding with counsel, filed the Second Amended Complaint. (Doc. 22.) On September 10, 2014, the court issued summonses to initiate service of process upon the defendants named in the Second Amended Complaint. (Docs. 34, 35.)

On September 16, 2014, defendant CDCR filed a request for the court to screen the Second Amended Complaint and to vacate the issued summonses. (Doc. 36.)

## II.  SCREENING REQUIREMENT – 28 U.S.C. § 1915A

The Prisoner Litigation Control Act of 1995 (PLRA), 110 Stat.1321-71, as amended, 42 U.S.C. § 1997e et seq., was enacted by Congress in an effort to address the large number of prisoner complaints filed in federal court. Jones v. Bock, 549 U.S. 199, 202, 127 S.Ct 199, 166 L.Ed.2d. 798 (2007). The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

### A.  Defendant's Request for Screening

Defendant CDCR ("Defendant") requests the court to screen the Second Amended Complaint, pursuant to 28 U.S.C. § 1915A, and allow thirty days after service of any defendant properly identified in the Court's screening order in which to file a responsive pleading. Defendant argues that nothing in the plain language of the statute limits the screening requirement to complaints brought by prisoners proceeding pro se.

///

///


**Discussion**

Section 1915A does not expressly differentiate between represented and unrepresented prisoner cases with regard to screening, and the court finds no authority addressing this issue. This Court nonetheless typically does not screen § 1983 prisoner cases where the Plaintiff is represented by counsel.  For one thing, the pleading obligations of an attorney under Federal Rule of Civil Procedure 11 tend to substantially reduce the incidence of claims that are frivolous or otherwise patently noncognizable on their face.  Pro se litigants are not attorneys and should not be expected to know how to draft pleadings as if they were.  Judicial screening of prisoner complaints serves to prevent prisoner complaints which are truly difficult if not impossible to understand from being served upon defendants.  Screening of represented cases to decipher the allegations and claims is usually unnecessary.

Moreover, in this case, the court performed its duty under § 1915A when it screened the First Amended Complaint.  (See Doc. 19, wherein the Court explained the deficiencies in the First Amended Complaint and dismissed it for failure to state a claim, with leave to amend.) The First Amended Complaint was filed by Plaintiff proceeding pro per.  However, the Second Amended Complaint was prepared and filed by Plaintiff's counsel.   Defendant has not stated which part, if any, of the amended complaint he is having difficulty understanding, or what further clarification is needed in order to respond to Plaintiff's claims.  The Court is not aware of any duty to do a screening in writing for defendants.  Therefore, Defendant's request for screening shall be denied.

**B.     Defendant's Request to Vacate Summonses**

Defendant also requests that the court vacate the summonses issued by the Clerk on September 10, 2014, because the Second Amended Complaint has not been screened. Defendant argues that service of the Second Amended Complaint via the court's electronic filing (ECF) system, upon parties who have not appeared in this action and are not yet represented by the Office of the Attorney General, was ineffective. Defendant requests the court to relieve it of any duty to respond to Plaintiff's Second Amended Complaint until it has been screened by the court.

**Discussion**

Defendant relies on the district court's decision in Bakhtiara v. Yates[2] to support his request to vacate the summonses. In Bakhtiara, as here, the plaintiff was a prisoner represented by counsel. In Bakhtiara, the court vacated summonses which had been issued by the Clerk before the initial complaint had been screened under § 1915A. In Bakhtiara, the Clerk had issued the summonses in error, before the court had authorized service.

The facts in Bakhtiara are distinguishable from those in the case at bar. In the present case, the summonses were not issued in error. Here, the court authorized the Clerk to issue the summonses after the Second Amended Complaint was filed. Also unlike in Bakhtiara, the court in this case has already conducted a screening under § 1915A. Here, Plaintiff's First Amended Complaint was screened by the court, and Plaintiff was provided with ample guidance for correcting the deficiencies found by the court. In fact, in the present case the court issued two separate orders discussing Plaintiff's allegations and claims, and specifically instructed Plaintiff to "bear in mind certain basic principles" listed in the order, when preparing the Second Amended Complaint. (Doc. 15; Doc. 19 at 4 ¶IV.) Therefore, the court declines to follow Bakhtiara in deciding Defendant's request.

Defendant is correct that service of the Second Amended Complaint via the court's ECF system is not effective upon parties who have not appeared in this action and are not yet represented by the Office of the Attorney General.

In light of the court's denial of Defendant's request for screening, the court shall also deny Defendant's request to vacate the summonses.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Defendant's request for the court to screen the Second Amended Complaint is DENIED; and

///

---

[2] Bakhtiari v. Yates, 1:11-cv-00102-AWI-JLT, 2011 WL 221408 (E.D. Cal. Jan. 24, 2011).

2. Defendant's request for the court to vacate the summonses issued on September 10, 2014 is DENIED.

IT IS SO ORDERED.

Dated: __**September 29, 2014**__  　　　　　___**/s/ Gary S. Austin**___
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE