UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS,<br><br>       Plaintiff,<br><br>  vs.<br><br>CDCR, et al.,<br><br>       Defendants. | 1:10-cv-00553-AWI-GSA-PC<br><br>ORDER DISMISSING DEFENDANT KVSP FROM THIS ACTION, WITHOUT PREJUDICE PURSUANT TO RULE 41 AND PLAINTIFF'S NOTICE |

      Christopher Simmons ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action filed pursuant to Title V of the Americans with Disabilities Act of 1990 (ADA), California's Disabled Person Act (CDPA), and the Unruh Civil Rights Act (Unruh Act). This action was initiated by civil complaint filed by Plaintiff, proceeding pro se, in the Kern County Superior Court on December 17, 2009 (Case #S-1500-CV-269232, DRL). On March 29, 2010, defendant California Department of Corrections and Rehabilitation (CDCR) ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a)(1). (Doc. 1.)

      This case now proceeds with the Second Amended Complaint, filed by Plaintiff on July 21, 2014, against defendants CDCR, Anthony Hedgpeth, Robert Keldgord, Kern Valley State Prison (KVSP), Jonathan Akanno, D. Campas, and J. Covarrubias, for retaliating against Plaintiff for the exercise of his civil rights pursuant to the ADA. (Doc. 33.)

On December 12, 2014, Plaintiff filed a Notice of Voluntary Dismissal of defendant KVSP from this action.  (Id.)  The court construes Plaintiff's notice as a motion to dismiss under Rule 41(a)(1).  In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.  <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required.  <u>Id.</u>  The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.  <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.  <u>Concha</u>, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants.  <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal leaves the parties as though no action had been brought.  <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).  No defendant has filed an answer or motion for summary judgment in this action.  Therefore, KVSP is no longer a part of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant KVSP only is DISMISSED from this action, without prejudice; and
2. The Clerk of the Court is DIRECTED to reflect the voluntary dismissal of defendant KVSP pursuant to Rule 41(a) on the court's docket for this action.

IT IS SO ORDERED.

Dated:   December 16, 2014                    _____
                                              SENIOR  DISTRICT  JUDGE