UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS,<br><br>            Plaintiff,<br><br>      vs.<br><br>CDCR, et al.,<br><br>            Defendants. | 1:10-cv-00553-AWI-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br>(Doc. 48.)<br><br>ORDER DIRECTING CLERK TO FILE THIRD AMENDED COMPLAINT SUBMITTED ON DECEMBER 19, 2014<br>(Docs. 48-1, 48-2, 48-3.)<br><br>ORDER DENYING DEFENDANT CDCR'S MOTION TO DISMISS AS MOOT<br>(Doc. 38.) |

**I.      BACKGROUND**

Christopher Simmons ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action filed pursuant to Title V of the Americans with Disabilities Act of 1990 (ADA), California's Disabled Person Act (CDPA), and the Unruh Civil Rights Act (Unruh Act). This action was initiated by civil complaint filed by Plaintiff, proceeding pro se, in the Kern County Superior Court on December 17, 2009 (Case #S-1500-CV-269232, DRL). On March 29, 2010, defendant California Department of Corrections and Rehabilitation (CDCR) removed the case to federal court by filing a Notice of Removal of Action pursuant to 28

U.S.C. § 1441(a)(1). (Doc. 1.) To date, no other defendant has made an appearance in this action. On June 30, 2014, Plaintiff acquired counsel. (Doc. 33.)

This case now proceeds with the Second Amended Complaint, filed by Plaintiff on July 21, 2014, against defendants CDCR, Anthony Hedgpeth, Robert Keldgord, Jonathan Akanno, D. Campas, and J. Covarrubias, for retaliating against Plaintiff for the exercise of his civil rights pursuant to the ADA.[1] (Doc. 33.)

On December 19, 2014, Plaintiff filed a motion for leave to amend the complaint and submitted a proposed Third Amended Complaint. (Docs. 48, 48-1, 48-2, 48-3.) On December 30, 2014, defendant CDCR filed a statement of non-opposition to the motion. (Doc. 50.)

## II. LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Id. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff's motion is unopposed. Because defendant CDCR has consented in writing to Plaintiff's amendment, the court finds no prejudice to the opposing party in allowing the amendment. Any delay in the litigation due to the amendment appears reasonable, and the court finds no evidence of bad faith or futility. Therefore, Plaintiff's motion shall be granted, and the Clerk shall be directed to file the Third Amended Complaint.

---

[1] On December 16, 2014, the court issued an order dismissing defendant Kern Valley State Prison from this action, without prejudice, on Plaintiff's motion for voluntary dismissal. (Doc. 47.)

### III. DEFENDANT CDCR'S MOTION TO DISMISS

On October 2, 2014, defendant CDCR filed a motion to dismiss the Second Amended Complaint for failure to state a claim. (Doc. 38.) In light of the present order granting Plaintiff leave to file a Third Amended Complaint, the motion to dismiss is moot and shall be denied as such.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend, filed on December 19, 2014, is GRANTED;
2. The Clerk is directed to FILE the Third Amended Complaint submitted to the court on December 19, 2014; and
3. Defendant CDCR's motion to dismiss, filed on October 2, 2014, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **January 4, 2015**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE