# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER SIMMONS,

Plaintiff,

v.

J. AKANNO, et al.,

Defendants.

Case No. 1:10-cv-00553-AWI-SAB-PC

FINDINGS AND RECOMMENDATION THAT DEFENDANT CDCR'S MOTION TO DISMISS BE GRANTED

(ECF NO. 54)

OBJECTIONS DUE IN TWENTY DAYS

Plaintiff is a state prisoner proceeding with retained counsel in an action pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. § 12203(a) and state law claims. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Pending before the Court is Defendant California Department of Corrections and Rehabilitation's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has opposed the motion.

## I.

## PROCEDURAL HISTORY

This action proceeds on the January 4, 2015, third amended complaint. (ECF No. 52.) Plaintiff names as Defendants the California Department of Corrections and Rehabilitation (CDCR), Kern Valley State Prison (KVSP) Associate Warden R. Kelgord, J. Akanno, M.D., Correctional Officer (C/O) D. Campas; C/O J. Covarrubias. Plaintiff is proceeding claims pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. § 12203(a), the California Disabled Persons Act (CDPA), Cal. Civ. Code §§ 54(c), 54.1(d). Plaintiff is also proceeding on a claim pursuant to the Unruh Civil Rights Act, Cal. Civ. Code § 51(f). On February 27, 2015, Defendants Akanno, Campas and Hedgpeth filed an answer to the third amended complaint. (ECF No. 60.) On March 27, 2015, Defendant Kelgord filed an Answer. (ECF No. 66.) On March 31, 2015, an order was entered, extending the application of the discovery and scheduling

order to Defendant Kelgord. (ECF No. 67.) On January 27, 2015, Defendant CDCR filed a motion to dismiss. (ECF No. 54). On February 16, 2015, Plaintiff opposed the motion. (ECF No. 5.) On February 24, 2015, Defendant filed a reply (ECF No. 59.)

**II**

**ALLEGATIONS**

Plaintiff alleges that in August of 2008, while housed at Kern Valley State Prison, Defendants began to subject him to materially adverse conduct, including the following: denying and/or delaying his release from work assignments; denying him access to the Inmate Advisory Council (IAC), an inmate organization of which Plaintiff was an Executive Body Member and the elected ADA chairman; denying or delaying him access to timely medical treatment. (Am. Cmpl. ¶ 18.)

Plaintiff filed several officer misconduct forms reporting the adverse conduct. Defendants responded by subjecting Plaintiff to more adverse conduct, including: additional denial/delays of Plaintiff's release for work assignments; delaying release for IAC meetings; denying Plaintiff access to the upper yard, an open area of KVSP; denying Plaintiff access to medical showers. (Id., ¶¶ 19-20.)

In October of 2008, Plaintiff filed a CDCR Form 1824 (Request for Reasonable Accommodation). Prison officials met with Plaintiff. Plaintiff was asked to act as an informant and report conduct of the IAC members. Plaintiff refused to do so. Days later, Plaintiff was told that he could no longer be an IAC member, as the ADA chair position had been removed. (Id., ¶¶ 20, 24.)

On October 21, 2008, Plaintiff filed a second CDCR Form 1824, which resulted in more retaliatory conduct. Plaintiff filed a third CDCR 1824 in January of 2009, alleging discrimination based on Plaintiff's disability. In February of 2009 Plaintiff filed a fourth CDCR 1824 alleging Due Process and First Amendment violations. (Id., ¶¶ 25, 30, 32.) Plaintiff alleges that between August of 2008 and February of 2009, nine grievance forms and/or legal communications were either censored or destroyed as retaliation for his efforts to enforce his rights under the ADA. (Id. ¶ 34.)

**III**

**ANALYSIS**

Defendant CDCR seeks dismissal on the ground that the CDCR, as an agency of the State of California, is immune from suit under the Eleventh Amendment, and so Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though it language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by both its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).

Defendant correctly argues that Eleventh Amendment immunity applies to state law claims brought into federal court under pendent jurisdiction. Pennhurst v. State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also C.N. v. Wolf, 410 F. Supp. 2d 894, 900 (C.D. Cal. 2005)(finding that immunity under the Eleventh Amendment applies to claims for relief against CDCR under the California Disabled Persons Act, Civil Code section 54(a), and the California Unruh Act, Civil Code sections 51 and 51.5). CDCR, as an agency of the State of California, is therefore immune from suit.

Plaintiff argues that the CDCR is not entitled to sovereign immunity as to Plaintiff's state law claims because Congress intended to abrogate that immunity with the ADA. Plaintiff argues that Congress expressly intended to preempt state or local laws that limit or reduce the

protections available under the ADA. Title 42, United States Code, Section 12201(b) provides that: "[n]othing in [the ADA] shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State . . . .that provides greater or equal protection for the rights of individuals with disabilities than are afforded by [the ADA]." Plaintiff argues that by providing an exemption for state laws that provide equal or greater levels of protection than the ADA, Congress clearly expressed its intent to preempt all laws that conflict with the federal act by providing lesser levels of protection. See Wood v. County of Alameda, 875 F.Supp. 659, 663 (N.D. Cal. 1995)(noting that ADA was enacted to guarantee individuals with disabilities a baseline level of protection).

Plaintiff also argues that federal law can also preempt state law if the state law "actually conflicts" with federal law. Cal. Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 280-81 (1987). The question of conflict preemption requires a court to determine, whether, under the circumstances of a particular case, the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objections of Congress. Crosby v. National Foreign Trade Council, 530 U.S. 363, 372 (2000). This inquiry requires the Court to consider the relationship between state and federal laws as they are interpreted and applied, not merely as they are written. Jones v. Rath Packing Co., 430 U.S. 519, 526 (1977), citing De Canas v. Baca, 424 U.S. 351, 363-365 (1976).

Plaintiff does not directly rebut Defendant's argument by providing authority that clearly indicates that the California legislature waived sovereign immunity under the Eleventh Amendment. The question before the Court is set forth clearly: "[A]bsent a state's unequivocal consent, the Eleventh Amendment bars a federal court from entertaining a suit against the state, or one of its agencies or departments, based on state law." Hall v. State of Hawaii, 791 F.2d 759, 761 (9th Cir. 1986); see also Partington v. Gedan, 961 F.2d 852, 865 (9th Cir. 1992).

Defendant refers the Court to the text of the Unruh Act itself, which does not address the applicability of the Eleventh Amendment.[1] The Court finds Defendant's argument to be

[1] "It is the intent of the Legislature in enacting this act to strengthen California law in areas where it is weaker than the Americans with Disabilities Act of 1990 (Public Law 101-336) and to retain California law when it provides more protection for individuals with disabilities than the Americans with Disabilities Act of 1990." (Chap. 913, stat. 1992, Section 1.)

persuasive – by enacting this legislation, the California legislature was defining the scope of the Unruh Act, not addressing sovereign immunity under the Eleventh Amendment. This language does result in California's consent to suit in federal court.

## IV.

## CONCLUSION AND RECOMMENDATION

It is well settled law that the Eleventh Amendment bars suits against states and agencies of the state, absent unequivocal consent to suit. Defendant has met its burden for the motion to dismiss and, notwithstanding Plaintiff's preemption argument, Plaintiff has not come forward with any authority establishing that the California legislature unequivocally consented to suit under the CDPA or the Unruh Act. Therefore, Defendant CDCR should be dismissed.

IT IS HEREBY RECOMMENDED that Defendant CDCR's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted, and Defendant CDCR be dismissed from this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. § 636(b)(1). Within **twenty (20)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 4, 2015**

UNITED STATES MAGISTRATE JUDGE