# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS,<br><br>  Plaintiff,<br><br>  v.<br><br>J. AKANNO, et al.,<br><br>  Defendants. | Case No. 1:10-cv-00553-AWI-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING SUSTAINING PLAINTIFF'S OBJECTIONS, AND DENYING DEFENDANTS' BILL OF COSTS<br><br>(ECF Nos. 97, 98, 106, 109)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Christopher Simmons, who is appearing with retained counsel, proceeds in this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12203(a). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.

## BACKGROUND

On March 29, 2010, the California Department of Corrections and Rehabilitation ("CDCR") removed this matter from state court to the Eastern District of California by the California. (ECF No. 1.) At that time, CDCR paid the filing fee of $350 to the Clerk of the Court. The complaint was screened, and following amendments, the matter proceeded on Plaintiff's third amended complaint against Defendants Heldgord, Campas, Covarrubias, Hedgpeth and Akanno for claims of retaliation in violation of the Americans With Disabilities Act, 42 U.S.C. §

1

12203(a), for violations of the California Disabled Persons Act, Cal. Civ. Code §§ 54(c), 54.1(d), and for violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51(f). (ECF No. 52.)

On March 7, 2017, the District Judge issued an order adopting the findings and recommendations and granting summary judgment in favor of Defendants on all claims in this action. (ECF No. 95.) The District Judge directed that judgment be entered in favor of Defendants and the case be closed. A judgment was entered that same day. (ECF No. 96.)

On March 13, 2017, Defendants Campas, Covarrubias, Hedgpeth, and Keldgord submitted a bill of costs, seeking costs taxed against Plaintiff in the sum of $1,771.20. (ECF No. 97.) On March 22, 2017, the Clerk of the Court taxed costs against Plaintiff in the sum of $1,537.45. (ECF No. 99.) On March 22, 2017, the Clerk of the Court taxed costs against Plaintiff in the amount of $1,537.45. (ECF No. 99.)

On March 20, 2017, Plaintiff filed objections to the bill of costs submitted by Defendants Campas, Covarrubias, Hedgpeth, and Keldgord. (ECF No. 98.) On March 23, 2017, the Court stayed the taxation of costs, and required Defendants to file a response to Plaintiff's objections within 20 days. (ECF No. 100.) Plaintiff was permitted to file a reply to Defendants' response to the objections within 7 days of the date of service of Defendants' response. (Id. at 2.)

On April 10, 2017, Defendants filed their response to Plaintiff's objections. (ECF No. 106.) On April 19, 2017, Plaintiff filed a reply to Defendants' response. (ECF No. 109.)

The Court notes that Plaintiff's reply was not timely filed, and Plaintiff did not address any cause for the late filing of the reply. Nevertheless, in this instance the Court will exercise its discretion to consider Plaintiff's reply in evaluating the objections.

**II.**

**OBJECTIONS**

Defendants requested costs consisting of the fees paid to the Clerk of the Court at the time of removal, and costs incurred from deposing Plaintiff on September 8, 2015, October 28, 2015, and December 29, 2015. (ECF No. 97.) Multiple deposition sessions were required because Plaintiff did not bring all requested documents to the first deposition session, and because Plaintiff's mental health issues prevented him from testifying in the second deposition

1 | session. (ECF No. 74.) Defendant Akanno was later represented by separate counsel, (ECF No. 87), but at the time that these costs were incurred, counsel for Defendants Campas, Covarrubias, Hedgpeth, and Keldgord represented all Defendants.

Plaintiff objects to the bill of costs, arguing that defendants who prevail in an Americans with Disabilities Act ("ADA") lawsuit must show that the plaintiff's allegations were frivolous before costs may be taxed against that plaintiff. Plaintiff asserts that his ADA allegations were not found to be frivolous, and therefore the application to tax the bill of costs must be denied. (ECF No. 98.)

Defendants argue that Plaintiff's claims were frivolous and without foundation. On January 27, 2015, CDCR filed a motion to dismiss the third amended complaint on the ground that Plaintiff failed to state a claim under the California Disabled Persons Act ("CDPA") or the Unruh Act, because those claims were barred by the Eleventh Amendment. (ECF No. 54.) Following briefing, on September 30, 2015, that motion to dismiss was granted. (ECF No. 72.) Defendants argue that the parties met and conferred concerning the Eleventh Amendment immunity issue, but Plaintiff nevertheless persisted in his claims against CDCR, forcing CDCR to unreasonably defend the claim. As a result, Defendants argue that the Court should award them their litigation costs here.

Defendants further argue that Plaintiff's state law claims were frivolous and without foundation because he failed to file this action within six months of the rejection of his government claim under California Government Code section 945.6, which he conceded. Defendants argue that the proof required to show a violation of the ADA, CDPA, and Unruh Act are identical, making it is impossible to distinguish between the deposition costs necessarily incurred to defend against these claims. Therefore, Thus, Defendants seek reimbursement of the deposition costs for the three sessions of Plaintiff's deposition.

Defendants also assert that Plaintiff's claims against Defendant Akanno were without foundation or evidentiary support, as demonstrated by Plaintiff filing a non-opposition to Defendant Akanno's motion for summary judgment. Regarding Plaintiff's claim against Defendant Hedgpeth, Defendants argue that Plaintiffs' failure to produce evidence of any

3

adverse action against him shows that claim was unreasonable and without foundation or evidentiary support. Defendants also argue that this Court found that Plaintiff failed to raise a genuine issue of material fact regarding whether Defendants Keldgord, Campas, or Covarrubias retaliated against him because of his protected conduct, showing that these claims were without foundation. Therefore, Defendants seek an award reimbursing them for their litigation costs with respect to these claims.

In reply, Plaintiff argues that showing a failure to produce sufficient evidence to survive summary judgment does not show that the claims were legally frivolous, unreasonable, or without foundation. Instead, Plaintiff argues that exceptional circumstances must be found in an ADA case to justify an award of litigation costs. Here, where Plaintiff's claims were screened by the Court under 28 U.S.C. § 1915A, survived a motion to dismiss, and were supported by private counsel, Plaintiff argues those exceptional circumstances do not exist. Therefore, Plaintiff argues that Defendants' bill of costs must be denied in its entirety.

### A. Legal Standards

"The ADA allows a 'prevailing party' its fees." Kohler v. Bed Bath & Beyond of California, LLC, 780 F.3d 1260, 1266 (9th Cir. 2015) (citing 42 U.S.C. § 12205). The attorney's fee provision of the ADA makes attorney's fees, litigation expenses and costs parallel. Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001) (citing 42 U.S.C. § 12205). The fee award is discretionary. Hubbard v. SoBreck, LLC, 554 F.3d 742, 744 (9th Cir. 2009) In federal cases, these same principles apply to awards of fees or costs for claims asserted under the CDPA and under the Unruh Act. Id. at 745; see also Kohler, 782 F.3d at 1071 (same).

"[W]hile prevailing plaintiffs regularly recover their fees, 'policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant.'" Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 418–19 (1978)). Thus, "fees should be granted to a defendant in a civil rights action only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" Summers v. A. Teichert & Son, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting Christiansburg Garment Co., 434 U.S. at 421). The Ninth Circuit has "cautioned that district courts should not 'engage in post hoc

4

reasoning,' awarding fees simply 'because a plaintiff did not ultimately prevail.'" Kohler, 780 F.3d at 1266 (quoting E.E.O.C. v. Bruno's Rest., 13 F.3d 285, 290 (9th Cir. 1993)). "This admonition applies even in cases which are resolved at summary judgment because no 'reasonable jury could return a verdict in [the plaintiff's] favor.'" Id. at 1266-67 (quoting Thomas v. Douglas, 877 F.2d 1428, 1434 & n.8 (9th Cir. 1989)). A district court should also consider the financial resources of the plaintiff in awarding attorney's fees. Miller v. L.A. County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987).

### B. Discussion

In its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), CDCR sought dismissal of Plaintiff's state law claims on the ground that CDCR, as an agency of the State of California, is immune from suit under the Eleventh Amendment. Plaintiff opposed the motion, arguing that Congress intended to abrogate sovereign immunity as to Plaintiff's state law claims with the ADA. Specifically, Plaintiff argued that Congress expressly intended to preempt state or local laws that limit or reduce the protections available under the ADA, and that federal law can also preempt state law to the extent state law actually conflicts with federal law. The Court did not find Plaintiff's arguments persuasive, in light of the stringent test for establishing state consent to suit. Although Plaintiff provided some authority and analysis in support of his argument, the Court found that it did not clearly indicate that the California legislature waived sovereign immunity for claims brought under the CDPA or Unruh Act.

In this context, the Court does not find that Plaintiff's claim against CDCR was frivolous or without foundation. The claim was dismissed on purely legal grounds. Certainly, immunity from suit of state agencies such as CDCR had been long established by the time Plaintiff brought this claim. But Plaintiff argued that such immunity was waived under the circumstances presented here. "A case may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." Gibson v. Office of Atty. Gen., State of California, 561 F.3d 920, 929 (9th Cir. 2009) (internal quotations omitted). Where no clear precedent would "signal to [p]laintiffs that they should not bring this claim at all," the claim is not frivolous, and defendants are not entitled to attorney's fees. Id. Defendants have not argued or provided any

authority that expressly addressed the issue raised by Plaintiff, or showed that the outcome here was obvious. Instead, Defendants rely on the fact that CDCR's motion to dismiss was ultimately granted, and that Plaintiff did not withdraw the claims against CDCR through the meet and confer process, but instead opted to test the merits of his argument through litigating it. Although Defendants have shown that CDCR prevailed on the claims against it, they have not shown that the claim had no foundation in law or facts at the outset, sufficient to support finding the claims frivolous.

Regarding the retaliation claims under the ADA brought by Plaintiff, the Court does not find that Defendants have shown they were frivolous and without foundation. Plaintiff alleged that he had filed an ADA-based lawsuit, made complaints, and engaging in other activities such as letter-writing regarding issues of concern for disabled inmates, including himself. Around the times that Plaintiff engaged in these activities, the prison officials he complained about appeared to take certain actions, or direct that certain actions occur against him, such as the removal of his walker, denied or delayed release from work assignments, denied access and eventual removal from the institution's Inmate Advisory Committee, delayed or denied medical treatments, changes in his cell feed routines and medical shower times, his food smelling of chemicals, and other matters. These circumstances presented support for Plaintiff's main theory in this action, albeit somewhat tenuous, that he had been retaliated against for his protected conduct. As Defendants assert, summary judgment was granted in their favor on these claims because Plaintiff failed to present evidence from which a reasonable jury could determine that retaliation for protected conduct had actually occurred. Nevertheless, this does not show that the claims were groundless.

Finally, the issue of whether Plaintiff had timely complied with California Government Code section 945.6 as necessary for bringing his state law claims against Defendants was the subject of some of his deposition testimony. It appears from the testimony that Plaintiff thought he had an argument for excusal from making a timely filing based upon some alleged obstruction of his filing of this action. At the time of summary judgment, however, Plaintiff did not oppose the dismissal of his claims based upon untimeliness, and summary judgment was granted in

1  Defendants' favor on those claims. Defendants seek their litigation costs for litigating those state
2  law claims, arguing that they were frivolous and without foundation for this reason. They further
3  assert that it is "impossible to distinguish between the deposition costs necessarily incurred to
4  defend the ADA claim from the CDPA and Unruh Act claims," so the Court should exercise its
5  discretion to award them the litigation costs in their entirety. (ECF No. 106, pp. 4-5.) The Court
6  does not find this reasoning persuasive. The bulk of Plaintiff's depositions were focused on
7  retaliation issues distinguishable from the timeliness of his California Government Claims Act
8  claim. Further, Defendants have not shown that Plaintiff litigated these claims after knowing
9  they were frivolous and without foundation, when Plaintiff did not oppose Defendants' argument
10 without any reasonable basis for doing so, and instead indicated a lack of opposition on these
11 issues at the summary judgment stage.

### III.

### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's objections to the bill of costs submitted by Defendants be sustained, and Defendants bill of costs, submitted on March 13, 2017 (ECF No .97), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///
///
///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 1, 2017**

UNITED STATES MAGISTRATE JUDGE